STATE, Respondent, v. DOE, Defendant (Albertson, Appellant).

(207 N. W. 453.)

(File No. 5948. Opinion filed February 24, 1926.)

**Criminal Law—Intoxicating Liquors—Constitutional Law—Searches and Seizures—Gun Intercepted by Officer When Defendant Attempted to Draw It Held Not to Have Been Obtained in Illegal Search.**

Where defendant drove onto premises in automobile where officers were searching for intoxicating liquor, and when officers went to his car, he reached for a gun in his pocket, officer taking a loaded gun from defendant's pocket and intercepting attempt to draw it did not thereby obtain it in illegal search, so that its use in evidence against defendant violated any of his rights under Const. art. 6, Sec. 11.

Appeal from Municipal Court of Sioux Falls, HON. RANSOM L. GIBBS, Judge.

In the matter of a John Doe warrant to search for intoxicating liquors. Lawrence Albertson was charged with carrying a concealed weapon. Application for the return of the gun, and for an order suppressing evidence in reference thereto, was denied, and applicant appeals. Affirmed.

*Cherry & Davenport,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General (*Bernard A Brown,* of Pierre, on the brief), for Respondent.

Respondent cited: Williams v. State, 28 S. E. 624; Pullen v. State (Ga.), 116 S. E. 871.

BURCH, C.   The municipal court of Sioux Falls, on the 22d of February, 1925, in a case entitled, State of South Dakota v. John Doe, issued a search warrant for intoxicating liquor. The premises intended to be searched were in the N. W. ¼ of section 19, township 101, range 49, while the description in the warrant was as follows, "A part of the N. W. ¼ of section 19, township 101, range 50,"—six miles west of the premises intended.   The warrant was directed to any police officer of the city, and by the chief of police delivered to C. W. Rector, a deputy state sheriff, for execution.   Rector, in company with John T. McMahon, a police officer, went to the premises intended, but not to those described, and proceeded to search the premises of one Rowley. While so engaged, appellant, Lawrence Albertson, drove onto the premises in an automobile, and the officers went to his car. Officer McMahon describes what happened as follows:

"I was on one side of the car, and Mr. Rector just came up on the other side, and I opened the door and I told him I was searching the premises, and he put his hand down in his overcoat pocket, and I said, 'Just a minute'; and I put my hand in his pocket and drew out a gun.   I and Mr. Rector examined the gun. It was loaded.   There were four loaded cartridges in the magazine.   I brought the gun to the station and turned it over to the sheriff."

After this appellant was arrested and charged with carrying a concealed weapon.   Appellant then made an application to the municipal court for a return of the gun, and for an order suppressing all evidence in reference thereto in the charge against him of carrying a concealed weapon, for the reason that it was obtained in an illegal search.   Said court denied the application, and this appeal is from the order of the municipal court denying such application.

The correctness of the action of the municipal court in denying the application is the sole question presented for review.   Appellant proceeds upon the theory that the gun was seized under the purported authority of the search warrant, and presents an able brief upon the law of search and seizure and the constitutional right of appellant under section 11, art. 6, of our Constitution, but we are unable to see its applicability to this case. The search warrant did not authorize a search for firearms, but for

intoxicating liquor, The officers had not yet attempted to search the car for liquors, but had simply told appellant they were searching the premises. The record does not show they intended to search the car, but, assuming that appellant understood they were about to do so, what is the situation? He reached for a loaded gun in his pocket. Had he drawn it from his pocket and the officer seized it as an act of self-defense, no search could be claimed. We think where the officer intercepted the attempt to draw while the gun was still in appellant's pocket is no different in principle. It was an act of self-defense, resulting in the discovery of the gun, and not a search. It is hardly likely the officer was searching for liquor in appellant's pocket under such circumstances. His action was in fact nothing more than an act necessary to his personal safety in repelling the attack upon him.

The order of the municipal court is affirmed.

Note.—Reported in 207 N. W. 453. See, Headnote, American Key-Numbered Digest, Criminal law, Key-No. 395, 16 C. J. Sec. 1098, Searches and seizures, Key-No. 3.